FILED - LN
December 29, 2009 10:57 AM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:_____ lkd___/_____

Q/C

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| AMERICAN COPPER & BRASS, INC., a Michigan corporation, individually and as the representative of a class of similarly situated persons,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>LAKE CITY INDUSTRIAL PRODUCTS, INC. and JEFFREY MEEDER,<br><br>　　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) No.　**1:09-cv-1162**<br>)　　　**Gordon J Quist**<br>)　　　**US District Judge**<br>)<br>)<br>)<br>)<br>)<br>) |

## CLASS ACTION COMPLAINT

Plaintiff, AMERICAN COPPER & BRASS, INC., a Michigan corporation (herein "Plaintiff"), brings this action on behalf of itself and all other persons similarly situated, through its attorneys, and except as to those allegations that pertain to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, LAKE CITY INDUSTRIAL PRODUCTS, INC. and JEFFREY MEEDER, (herein "Defendants").

### PRELIMINARY STATEMENT

1.　This case challenges Defendants' policy and practice of faxing unsolicited advertisements.

2.　The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, prohibits a person or entity within the United States from sending or having an agent send unsolicited faxed advertisements. The TCPA provides a private right of action for violations and provides statutory damages of $500.00 per violation.

3.　Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax also causes the recipient to waste valuable time it

would have spent on something else. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipient fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4. On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

5. Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7. Venue in this district is proper because Defendants do business here and a significant portion of the events took place here.

## PARTIES

8. Plaintiff, AMERICAN COPPER & BRASS, INC., is a corporation which does business within this judicial district.

9. On information and belief, Defendants, LAKE CITY INDUSTRIAL PRODUCTS, INC. is a Pennsylvania corporation which does business within this federal judicial district. On information and belief, Defendant, JEFFREY MEEDER is a shareholder, officer and director of LAKE CITY INDUSTRIAL PRODUCTS, INC.

On information and belief, JEFFREY MEEDER approved, authorized and participated in the scheme to broadcast advertisements by facsimile by (a) directing a list to be purchased or assembled; (b) directing and supervising employees or third parties to send the advertisements by fax; (c) creating and approving the form of advertisements to be sent; (d) determining the number and frequency of the

facsimile transmissions; and (e) approving or paying the employees or third parties to send the advertisements by facsimile transmission.

## FACTS

10. On or about February 21, 2006, Defendants sent by telephone facsimile machine an unsolicited advertisement to Plaintiff's facsimile machine. A copy of the facsimile is attached hereto and marked as Exhibit A.

11. Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

12. On information and belief, Defendants have sent similar unsolicited facsimile advertisements to at least 39 other recipients.

13. There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

14. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons that are holders of telephone numbers to which a facsimile transmission was sent on behalf of Defendants advertising or promoting the goods or services of Defendants at any time between four years prior to the filing of this suit to and including the present (the "Class Period").

Excluded from the Class are Defendants, their officers, directors, employees, agents, and members of the Judiciary.

15. Commonality [Fed. R. Civ. P. 23(A)(2)]. Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include but are not limited to the following:

3

(a)  Whether Defendants sent unsolicited fax advertisements;

(b)  Whether Defendants' facsimiles advertised the commercial availability of property, goods or services;

(c)  The manner and method Defendants used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(d)  Whether Defendants faxed advertisements without first obtaining the recipients' prior express permission or invitation;

(e)  Whether Defendants sent the faxed advertisements knowingly;

(f)  Whether Defendants violated the provisions of 47 U.S.C. § 227;

(g)  Whether Plaintiff and the other members of the class are entitled to statutory damages; and

(h)  Whether the Court should award treble damages.

16.  Typicality [Fed. R. Civ. P. 23(a)(3)]. Plaintiff's claims are typical of the claims of all class members. Plaintiff received a facsimile sent on behalf of Defendants advertising goods and services of Defendants during the Class Period. Plaintiff is making the same claims and seeking the same relief for itself and all class members based on the same federal statute. Defendants have acted the same or in a similar manner with respect to Plaintiff and all the class members.

17.  Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]. Plaintiff will fairly and adequately represent and protect the interest of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

18.  Need for Consistent Standards and Practical Effect of Adjudication [Fed. R. Civ. P. 23 (b)(1)]. Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible

4

standards of conduct for Defendants, and/or (b) as a practical matter, adjudication of Plaintiff's claims will be dispositive of the interests of class members who are not parties.

19. <u>Common Conduct [Fed. R. Civ. P. 23 (b)(2)]</u>. Class certification is also appropriate because Defendants has acted and refused to act in the same or similar manner with respect to all class members thereby making injunctive and declaratory relief appropriate. Plaintiff demands such relief as authorized by 47 U.S.C. § 227.

20. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. Common questions of law and fact predominate and a class action is superior to other methods of adjudication.

    (a) Proof of the claims of Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

    (b) Evidence regarding defenses or any exceptions to liability that Defendants may assert and prove will come form Defendants' records and will not require individualized or separate inquires or proceedings;

    (c) Defendants have acted and is continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

    (d) The amount likely to be recovered by individual class members does not support protested individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

    (e) This case is inherently managed as a class action in that:

        (i) Defendants identified persons or entities to receive the fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify class members and establish liability and damages;

5

(ii) Liability and damages can be established for Plaintiff and the class with the same common proofs;

(iii) Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economics of time, effort and expense;

(v) A class action will contribute to uniformity of decisions concerning Defendants' practices;

(vi) As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

21. The TCPA makes unlawful the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine ...." 47 U.S.C. § 227(b)(1).

22. The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

23. The TCPA provides:

> 3. <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

6

     (C) Both such actions.

24. The TCPA is a strict liability statute, so Defendants are liable to Plaintiff and the other class members even if its actions were only negligent.

25. Defendants knew or should have known that (a) Plaintiff and the other class members had not given express invitation or permission for Defendants or anybody else to fax advertisements about Defendants' goods or services, (b) that Plaintiff and the other class members did not have an established business relationship, and (c) that Exhibit A is an advertisement.

26. Defendants' actions caused damages to Plaintiff and the other class members. Receiving Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendants' faxes. Moreover, Defendants' faxes used Plaintiff's fax machine. Defendants' faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendants' illegal faxes. That time otherwise would have been spent on Plaintiff's business activities. Finally, Defendants' faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

27. Defendants violated 47 U.S.C. § 227 et seq. by transmitting Exhibit A hereto to Plaintiff and the other members of the class without obtaining their prior express permission or invitation.

WHEREFORE, Plaintiff, AMERICAN COPPER & BRASS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, LAKE CITY INDUSTRIAL PRODUCTS, INC. and JEFFREY MEEDER, jointly and severally, as follows:

A. That the court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B. That the court award actual monetary loss from such violations or the sum of $500.00 in damages for each violation whichever is greater; and

C. The court enjoin Defendants from additional violations; and

D. That the court award costs and such further relief as the court may deem just and proper.

AMERICAN COPPER & BRASS, INC., individually and as the representative of a class of similarly-situated persons

Dated: December 28, 2010

SOMMERS SCHWARTZ, P.C.

By: /s/ Jason J. Thompson
Jason J. Thompson (P47184)
2000 Town Center, Suite 900
Southfield, MI 48075
Telephone: 248-355-0300
Fax: 248-436-8453
jthompson@sommerspc.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847-368-1500
Fax: 847-368-1501

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL 60602
Telephone: 312-658-5500
Fax: 312-658-5555
Attorneys for Plaintiff