UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN COPPER & BRASS, INC.,

       Plaintiff,

v.

LAKE CITY INDUSTRIAL PRODUCTS,
INC., and JEFFREY MEEDER,

       Defendants.
                                 /

Case No. 1:09-CV-1162

HON. GORDON J. QUIST

# ORDER

The case arises out of a blast fax advertisement that was allegedly sent to 11,000 individuals. Plaintiff, American Copper & Brass, Inc. ("American Copper"), filed this class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(3), which provides a private right of action for the alleged conduct. Specifically, § 227(b)(3) provides that "a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State" an action for injunctive relief, actual damages, or $500 statutory damages, or both injunctive relief and damages. In American Copper's Second Amended Class Action Complaint, American Copper alleges federal question jurisdiction under the TCPA and diversity jurisdiction under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d). Defendant, Lake City Industrial Products, Inc. ("Lake City"), moved to dismiss American Copper's complaint under Rule 12(b)(1) for lack of subject matter jurisdiction and Rule 12(b)(6) for failure to state a claim. The Court held oral argument on Lake City's motion on July 21, 2010. For the following reasons, the Court will deny Lake City's motion.

## Subject Matter Jurisdiction

### I. Federal Question Jurisdiction

Although it is a close question, this Court holds that it lacks federal question jurisdiction over a private TCPA claim brought under § 227(b)(3). Section 227(b)(3)'s jurisdictional language provides that "a person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State . . . ." 47 U.S.C. § 227(b)(3). The circuits are split on whether federal courts have jurisdiction over a TCPA claim, and the different arguments need not be repeated here. *See Murphey v. Lanier*, 204 F.3d 911 (9th Cir. 2000) (holding that federal courts lack federal question jurisdiction over private TCPA claims); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998) (same); *Foxhall Realty Law Offices, Inc. v. Telecomm. Premium Servs., Ltd.*, 156 F.3d 432 (2d Cir. 1998) (same); *Nicholson v. Hooters of Augusta, Inc.*, 136 F.3d 1287 (11th Cir. 1998) (same); *Chair King, Inc. v. Houston Cellular Corp.*, 131 F.3d 507 (5th Cir. 1997) (same); *Int'l Sci. & Tech. Inst., Inc. v. Inacom Commc'ns, Inc.*, 106 F.3d 1146 (4th Cir. 1997) (same). *But see Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (finding that federal courts have federal question jurisdiction over private TCPA claims); *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513 (3d Cir. 1998) (Alito, J., dissenting). This Court will follow the majority of the circuits.

Moreover, contrary to Plaintiff's argument, the Supreme Court's recent decisions in *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308, 125 S. Ct. 2363 (2005), and *Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691, 123 S. Ct. 1882 (2003), are inapposite and do not overrule *International Science and Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146 (4th Cir. 1997), and its progeny.

*Grable* is inapplicable to the facts of this case for two reasons: (1) in this case, Plaintiff's claim is based on a broad federal substantive right, not a narrow issue of notice under a federal statute; and (2) adjudication of private TCPA claims in federal court will disturb the balance of federal and state judicial responsibilities because "[m]ore than 300,000 solicitors call more than 18,000,000 Americans every day." Telephone Consumer Protection Act, Pub. L. No. 102-243, 105 Stat. 2394 (1991).

*Breuer* is similarly inapplicable here. In *Breuer*, the issue was whether a party could remove a Fair Labor Standards Act claim to federal court when 29 U.S.C. § 216(b) provided that an "action to recover the liability prescribed . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction." 538 U.S. at 693, 123 S. Ct. at 1883. The Court held that removal was appropriate because Congress conferred federal question jurisdiction. *Id.* at 696-97, 123 S. Ct. at 1885-86. Here, however, Congress only mentioned the state courts in § 227(b)(3), thus giving rise to the issue of whether federal courts have jurisdiction when Congress did not explicitly confer that jurisdiction.

Therefore, the Court finds that it lacks federal question jurisdiction over a private TCPA claim brought pursuant to § 227(b)(3).

**II.     Diversity Jurisdiction**

Lake City argues that American Copper failed to satisfy the amount in controversy requirement of 28 U.S.C. § 1332(d). Lake City claims that American Copper's TCPA claim cannot be maintained as a class action because federal courts sitting in diversity must apply state substantive law, and a Michigan court rule prohibits this type of class action. M.C.R. 3.501(A)(5). Lake City argues that American Copper has its own TCPA claim for $500 in statutory damages, but one $500 claim does not satisfy the amount in controversy requirement.

Lake City did not challenge any other requirement under 28 U.S.C. § 1332(d). Lake City's argument is rejected.

Federal courts can exercise diversity jurisdiction over private TCPA claims because a federal court's diversity jurisdiction extends to "all civil actions" where the statutory requirements are satisfied. *See Gottlieb v. Carnival Corp.*, 436 F.3d 335, 340 (2d Cir. 2006). While federal statutes normally give rise to federal question jurisdiction and concurrent jurisdiction in the state courts, nothing in § 1332 limits its application solely to state-law claims. *Id.* Diversity jurisdiction is thus presumed to exist. Moreover, Congress's failure to explicitly abrogate § 1332 and divest the federal courts of diversity jurisdiction over private TCPA claims means that subject matter jurisdiction for private actions under the TCPA can be premised on 28 U.S.C. § 1332. 436 F.3d at 340-41. *See also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005) (finding through an alternative analysis that federal courts have diversity jurisdiction under the Class Action Fairness Act over private TCPA claims provided the requirements of 28 U.S.C. § 1332(d) are satisfied).

Here, American Copper satisfied the amount in controversy requirement of § 1332(d) by alleging more than $5,000,000 in damages ($500 (in statutory damages) x 11,000 (number of claims) x 3 (potential for treble damages with proof that defendant willfully or knowingly violated § 227(b))). Michigan Court Rule 3.501(A)(5) provides that "[a]n action for a penalty or minimum amount of recovery without regard to actual damages imposed or authorized by statute may not be maintained as a class action unless the statute specifically authorizes its recovery in a class action." M.C.R. 3.501(A)(5). In *Shady Grove Orthopedic Associates, P.A. v. Allstate Insurance Co.*, __ U.S. __, 130 S. Ct. 1431 (2010), the Supreme Court analyzed a New York

statute[1] with language similar to M.C.R. 3.501(A)(5) and rejected the analysis Lake City urges upon this Court. In a plurality opinion, the Supreme Court focused upon whether Federal Rule 23 was substantive or procedural. The Court held that: (1) Rule 23 regulates procedure; (2) Rule 23 is authorized by the Rules Enabling Act; and (3) Rule 23 is "valid in all jurisdictions, with respect to all claims, regardless of its incidental effect upon state-created rights." *Shady Grove*, 130 S. Ct. at 1444.

State procedural rules do not apply in federal court absent express language in the federal rules. Unlike Rule 4(e)(1) for serving a summons on an individual, Rule 45 for serving a subpoena, or Rule 69 for the execution of a judgment, Rule 23 does not reference any state procedure for determining class certification. Therefore, M.C.R. 3.501(A)(5) does not inhibit American Copper from satisfying 28 U.S.C. § 1332(d)'s amount in controversy requirement. Finally, Lake City did not raise any argument based on the citizenship of the parties, and this Court finds no reason to decline to exercise jurisdiction.

### Failure to State a Claim

Lake City's argument that American Copper's complaint should be dismissed for failure to state a claim is also premised on Lake City's interpretation of M.C.R. 3.501(A)(5) as a substantive restriction on private TCPA claims. As discussed above, Lake City's argument is meritless. Accordingly,

**IT IS HEREBY ORDERED** that Lake City's motion to dismiss (docket no. 4) is **DENIED**. Although the Court lacks federal question jurisdiction, the Court finds that Plaintiff's claim can proceed under the Court's diversity jurisdiction, 28 U.S.C. § 1332(d).

---

[1] N.Y. Civ. Prac. Law Ann. § 901(b) provides that "[u]nless a statute creating or imposing a penalty, or a minimum measure of recovery specifically authorizes the recovery thereof in a class action, an action to recover a penalty, or minimum measure of recovery created or imposed by statute may not be maintained as a class action."

**IT IS FURTHER ORDERED** that American Copper's motion to cite new authority (docket no. 8) is **DISMISSED AS MOOT**.

If either party desires an interlocutory appeal, that party shall file a motion and brief with this Court within twenty-one (21) days. The other party shall have 10 days to respond, and no reply is permitted. The Court will then proceed in accordance with 28 U.S.C. § 1292(b).


Dated: July 28, 2010                                    /s/ Gordon J. Quist
                                                    GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE