IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

|  |  |  |
|---|---|---|
| AMERICAN COPPER & BRASS, INC., a Michigan corporation, individually and as the representative of a class of similarly situated persons, | ) ) ) ) ) | Civil Action No. 1:09-cv-1162 |
| Plaintiff, | ) ) | Hon. Gordon J. Quist |
| v. | ) ) | |
| LAKE CITY INDUSTRIAL PRODUCTS, INC. and JEFFREY MEEDER | ) ) ) | |
| Defendants. | ) | |

_____

BRIEF IN SUPPORT OF PLAINTIFF'S
<u>MOTION FOR CLASS CERTIFICATION</u>

# TABLE OF CONTENTS

INTRODUCTION ............................................................................................................. 1

    I.     The Court should certify the Class. ...................................................... 1

    II.    Defendants' attempted Rule 68 "pick-off" should be denied. ................. 2

STATEMENT OF FACTS ............................................................................................ 3

    I.     Defendants' fax advertising campaign. ................................................. 3

    II.    Biggerstaff's findings ............................................................................. 5

ARGUMENT ................................................................................................................. 7

    I.     Proposed class definition ....................................................................... 8

    II.    Rule 23(a) analysis. ............................................................................... 8

         A.    Numerosity. ...................................................................... 9

         B.    Commonality. ................................................................... 9

         C.    Typicality. ...................................................................... 11

         D.    Adequacy of representation ............................................ 13

    III.   Rule 23(b) (3) analysis ......................................................................... 14

         A.    Predominance. ................................................................ 14

         B.    Superiority. ..................................................................... 15

CONCLUSION ............................................................................................................ 17

# TABLE OF AUTHORITIES

**Page**

## Cases

*Afro American Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974) ............... 9

*Amchem  Prods. v. Windsor*, 521 U.S. 591, 615 (1997) .............................................. 16

*Babb Real Estate LLC, v. Bennett and Olstad*, 10-cv-119-wmc, Opinion and Order (W.D. Wisc. July 29, 2011)....................................................................................... 8

*Balian v. Upjohn Co.*, 159 F.R.D. 473 (W.D. Mich. 1994) ......................................... 10

*Ball v. Union Carbide Corp.*, 385 F.3d 713, 728 (6th Cir. 2004)............................... 15

*Bittinger v. Tecumseh Products Co.,* 123 F.3d 877, 884 (6th Cir. 1997) .................. 10

*BNS, Ltd. d/b/a Burien Grocery Outlet v. Redondo Family Chiropractic, Inc., P.S.*, No. 09-2-19352-5 SEA, Order (June 10, 2010)...................................................... 8

*CE Design, Ltd. v. Cy's Crabhouse North, Inc.*, 259 F.R.D. 135, 139 (N.D. Ill. 2009) .................................................................................................................................. 6

*Creative Montessori Learning Center v. Ashford Gear*, No. 09 C 3963, Memorandum Opinion and Order (N.D. Ill. July 27, 2011)........................................ 8

*Daffin v. Ford Motor Co.,* 458 F.3d 549, 552 (6th Cir. 2006) ................................. 9, 11

*Exclusively Cats Veterinary Hospital v. Anesthetic Vaporizer Services, Inc.*, No. 10-10620, 2010 WL 5439737 (E.D.Mich. Dec. 27, 2010)............................. passim

*Florida First Financial Group, Inc. v. Magnum Painting, Inc.*, No. 10-00481, Class Certification Order (Fla. Cir. Oct. 14, 2010)....................................................... 8

*G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 CV 5953, 2009 WL 2581324, *1 (N.D. Ill. Aug. 20, 2009) ....................................................................................... 6, 8

*General Tel. Co. v. Falcon,* 457 U.S. 147, 158 n. 13. (1982)...................................... 12

*Golden v. City of Columbus,* 404 F.3d 950, 965 (6th Cir. 2005) ................................. 9

*Green v. Service Master on Location Services Corp.*, No. 07 4705, 2009 WL 1810769 *3 (N.D.Ill. June 22, 2009).......................................................................... 16

*Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802, 808 (N.D.Ill. 2008)................................................................................................................................ 16

*Holtzman v. Turza*, No. 08 C 2014, 2009 WL 3334909, *3 (N.D. Ill. October 14, 2009) .................................................................................................................................. 7

*In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996)....................... 10, 11, 13

*In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 336 (E.D. Mich. 2001)............ 13

iii

*In re NASDAQ Market-Makers Antitrust Litig.,* 169 F.R.D. 493, 512 (S.D.N.Y. 1996) .................................................................................................................. 13

*In re Telectronics Pacing Systems, Inc.,* 164 F.R.D. 222, 228 (S.D. Ohio 1995) ....... 12

*Jackson's Five Star Catering, Inc. v. Beason*, No. 10-10010 (order) (E.D. Mich. April 20, 2011) .......................................................................................................... 1, 7

*Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1977) ............................... 7

*Mixon Ins. Agency, Inc. v. Taylorville Chiropractic, et al*, No 09 L 0509, Class Certification Order (St. Clair Cty. Cir. Ct. Aug. 8, 2011) ........................................... 8

*Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985) ....................................... 7

*Pitts v. Terrible Herbst, Inc.*, No. 10-15965, 2011 WL 3449473, at *6 (9th Cir. Aug. 9, 2011) .............................................................................................................. 2

*Powers v. Hamilton County Public Defender Comm'n.*, 501 F.3d 592, 619 (6th Cir. 2007) ................................................................................................................... 15

*Sadowski* v. Med1 Online, LLC, No. 07-c-2973, 2008 WL 2224892 *5 (N.D.Ill. May 27, 2008) ......................................................................................................... 16

*Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir. 1997) ................ 10, 11

*Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988) ................ 7, 10

*Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d 894 (N.D. Ill. 2010) ............................................................................................................ 8

*UESCO Indus., Inc. v. Poolman of Wisconsin, Inc.*, 09 CH 16028 (Cir. Ct. Ill. Aug. 10, 2011) ............................................................................................................ 8

*Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004).................................... 2

*Windmill Nursing Pavillion, LTD. v. Res-Care Illinois, Inc.*, 09 CH 16377, Memorandum Opinion and Order (Cook Cty. Cir. Ct. Mar. 18, 2011) ....................... 8

**Statutes**

47 U.S.C. § 227(a)(5) ................................................................................................... 1

**Rules**

Fed. R. Civ. P. 23(a) ........................................................................................... passim

Fed. R. Civ. P. 23(b) ...................................................................................... 14, 15, 16

Fed. R. Civ. P. 23(g) ............................................................................................. 14, 17

**Treatises**

Newberg on Class Actions, section 3:13 at 3-76 (3d ed. 1992) ............................ 11, 12

## INTRODUCTION

**I.    The Court should certify the Class.**

Plaintiff received a fax advertising Defendants' "pipe thread sealing tapes" on February 20, 2006. Plaintiff did not request that fax or give Defendants permission to send it. Instead, the evidence shows that Defendants, using a mass fax broadcaster, sent the same advertisement by fax to 10,627 businesses without first getting their express permission or invitation to do so. *See* Biggerstaff Report at ¶¶ 13-14.[1] Exhibit A. The Telephone Consumer Protection Act (the "TCPA") forbids the use of "any telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine." 47 U.S.C. § 227(b) (1) (C).  An unsolicited advertisement is one sent without the recipient's "prior express invitation or permission." 47 U.S.C. § 227(a) (5). Such "junk" faxing has been called "advertising by theft" and the TCPA relies on private enforcement.

Under the same circumstances as presented in this case, Judges Tarnow and Cook of the Eastern District of Michigan certified TCPA claims for class action treatment. *See Exclusively Cats Veterinary Hospital v. Anesthetic Vaporizer Services, Inc.*, No. 10-10620, 2010 WL 5439737 (E.D. Mich. Dec. 27, 2010) (Tarnow, J); and *Jackson's Five Star Catering, Inc. v. Beason*, No. 10-10010 (order) (E.D. Mich. April 20, 2011) (Cook, J.). Exhibits B and C. Additionally, many other courts

---

[1]    Detailed transmission logs related to Defendants' blast faxing campaign are attached to Biggerstaff's report but have been redacted as they are voluminous. These logs have been produced to opposing counsel and are available at the Court's request.

1

have certified TCPA claims for class action treatment. Plaintiff requests that the Court certify the class, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as class counsel in this case so the merits of the claims about Defendants' junk faxes can be resolved on a class-wide basis.

## II.    Defendants' attempted Rule 68 "pick-off" should be denied.

Defendants served an Offer of Judgment pursuant to Fed. R. Civ. P. 68. (Doc. 38) on August 10, 2011. Defendants offer Plaintiff $2,500.00. *Id.* at 1. However, Defendants do not offer class-wide relief. As a result, Defendants' Offer of Judgment is insufficient to moot Plaintiff's and the Class's claims. Courts have held that such "pick-off" tactics are improper and void in the context of a class action. *See, e.g., Weiss v. Regal Collections*, 385 F.3d 337, 348 (3rd Cir. 2004); *Pitts v. Terrible Herbst, Inc.*, No. 10-15965, 2011 WL 3449473, at *6 (9th Cir. Aug. 9, 2011) ("even if the district court has not yet addressed the class certification issue, mooting the putative class representative's claims will not necessarily moot the class action."). In the alternative, Plaintiff requests sixty (60) days to arrange for another Class member to take Plaintiff's place as Class representative.

Moreover, Defendants' Offer of Judgment is facially defective. It wrongly states that Plaintiff had ten (10) days from the time of service to serve a written notice of acceptance, barring which the offer would be withdrawn. *Id.* at 1. These terms, and therefore the offer itself, are invalid as a matter of law. Under the prior version of Rule 68, an opposing party had 10 days after being served with an offer of judgment to accept. But under the current version, opposing parties have fourteen

2

(14) days to do so. *See* Fed. R. Civ. P. 68 (revised effective Dec. 1, 2009). For this reason too, Defendants' Offer of Judgment should be considered null and without effect.

## STATEMENT OF FACTS

### I.   Defendants' fax advertising campaign.

The evidence shows that Defendants engaged a fax broadcaster variously known as "Business To Business Solutions," "Macaw," or "Maxileads" ("B2B"). B2B is a name by which New Yorker Caroline Abraham did business from August 2005 until September 2007. *See* Declaration of Caroline Abraham, December 28, 2010 at ¶ 2 (Abraham Dec.") Exhibit D. B2B marketed itself by sending fax advertisements to various companies like Defendant Lake City. *Id.*,¶ 6.

B2B would help the customer draft an advertisement and, after receiving the customer's approval, cause the advertisement to be sent by broadcast fax. *Id.* The customer told B2B how many faxes to send and directed B2B to use a certain geographic location or to send the faxes to a particular category of businesses. *Id.* B2B would create a list of targets from a database purchased from InfoUSA. *Id.* B2B never contacted any of the companies listed on B2B's InfoUSA list to ask them for express permission or invitation to receive fax advertisements. *Id.*, ¶ 7. B2B then sent the advertisements to a list of persons from the InfoUSA list. *Id.*, ¶ 6.

B2B drafted a sample fax advertisement and sent it to Defendants for their approval. *See* Exhibit E. Subsequently, B2B received notice from Defendants that the fax advertisement met Defendants' approval:

3



*Id.* This ad is identical to the fax received by Plaintiff on or about February

20, 2006. *See* Complaint, Ex. A. (Doc. 1). On February 15, 2006, Defendant Jeffrey

Meeder wrote Wilson to inquire about the status of the broadcast. See below:

4

CLINT ™ J121503

## LCIP

**LAKE CITY INDUSTRIAL PRODUCTS, INC.**

ENGINEERED PLASTICS FOR INDUSTRY

10400 WEST LAKE ROAD, LAKE CITY, PA 16423
TELEPHONE (814) 774-2407            HTTP://WWW.LAKECITY.COM

TO: KEVIN WILSON

FROM: JEFF MEEDER

DATE: 2/15/06

RE:

ENC:

WHAT IS GOING ON WITH MY FAX AD ?

B2B Correspondence at 1, <u>Exhibit F</u>. An examination of the available data shows that Defendants' fax broadcast began approximately one week later. Plaintiff received Defendants' junk fax on February 20, 2006 at 231-941-1762. Biggerstaff Report, Ex. 3, p. 21, ln. 949. <u>Exhibit A</u>.

## II.  Defendants' advertisement was successfully faxed to 10,627 different fax numbers.

Plaintiff hired Robert Biggerstaff to analyze the computer data gathered from B2B.  Biggerstaff issued an expert report detailing his findings. <u>Exhibit A</u>. Biggerstaff concluded that Defendants' form advertisement was successfully faxed 10,627 times to 10,627 different fax numbers. *Id.* at ¶¶ 13-14 and Exs. 3-6. Defendants' B2B fax transmissions are summarized as follows:

5

| Date | Total Sent | Total Delivered | Total Undelivered | Biggerstaff Report and Exhibits |
|---|---|---|---|---|
| Feb. 20-21, 2006 | 11,262 | 9,264 | 1,998 | Report ¶ 13, Ex. 3 |
| Feb. 21, 2006 | 162 | 129 | 33 | Report ¶ 13, Ex. 4 |
| Feb. 22, 2006 | 1,710 | 1,234 | 476 | Report ¶ 13, Ex. 5 |
| Totals | 13,134 | __10,627__ | 2,507 | Report ¶ 14, Ex. 6 |

Other courts, including the Eastern District of Michigan, have expressly accepted Biggerstaff's expert opinions regarding fax transmissions. *See Exclusively Cats, supra* 2010 WL 5439737 at *2. Exhibit B. (court accepted Robert Biggerstaff's expert report as credible and reliable). *See also CE Design, Ltd. v. Cy's Crabhouse North, Inc.,* 259 F.R.D. 135, 139 (N.D. Ill. 2009) ("Biggerstaff interpreted and explained the data on the disk retrieved by Joel Abraham, based upon his own knowledge of computer-based fax programs. … He opined that the error-free entries indicating that a one page fax had been sent demonstrated that the fax attempt had been successful. These opinions reflect the application of his expertise to the data provided. That is enough to render the opinion sufficiently reliable and thus admissible for the purpose of the motion for class certification.");*G.M. Sign, Inc. v. Finish Thompson, Inc.,* No. 07 CV 5953, 2009 WL 2581324, *1 (N.D. Ill. Aug. 20, 2009) ("As such, GM Sign's Motion for Leave to Disclose is granted, and this Court will consider Biggerstaff's report in reviewing the Second Amended Motion for Class Certification."); *Holtzman v. Turza,* No. 08 C 2014, 2009 WL 3334909, *3 (N.D. Ill. October 14, 2009) ("Here, Biggerstaff analyzed the data on the CDs provided to him

6

from Top of Mind and MessageVision and drew conclusions based on his extensive knowledge of computer systems and fax transmission software. ... His opinion was formed after reviewing the transmission logs using principles and methods used to analyze data generated by various similar systems. This is sufficient to render his opinion credible and reliable. It is left to the trier of fact to determine how much weight to ultimately give that opinion.")

## ARGUMENT

Class actions promote judicial economy by aggregating small claims into one lawsuit. Further, "[c]lass actions...permit the plaintiffs to pool claims which would be uneconomical to litigate individually. [M]ost of the plaintiffs would have no realistic day in court if a class action were not available." *Phillips Petroleum v. Shutts*, 472 U.S. 797, 808-809 (1985); *see also Mace v. Van Ru Credit Corp.*, 109 F.3d 338, 344 (7th Cir. 1977) (class actions aggregate "relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.")."The district court retains broad discretion in determining whether an action should be certified as a class action, and its decision, based upon the particular facts of the case, should not be overturned absent a showing of abuse of discretion." *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1197 (6th Cir. 1988).

Courts have certified classes in the following B2B cases: (1) *Exclusively Cats*, *supra*, 2010 WL 5439737 (Exhibit B); (2) *Jackson's Five Star Catering*, *supra*, Case No. 10-10010 (Exhibit C); (3) *CE Design, Ltd. v. Cy's Crabhouse*, *supra*, 259 F.R.D. 135; (4) *Targin Sign Sys., Inc. v. Preferred Chiropractic Ctr., Ltd.*, 679 F. Supp. 2d

894 (N.D. Ill. 2010); (5) *Babb Real Estate LLC, v. Bennett and Olstad*, 10-cv-119-wmc, Opinion and Order (W.D. Wisc. July 29, 2011) (Exhibit G); (6) *Creative Montessori Learning Center v. Ashford Gear*, No. 09 C 3963, Memorandum Opinion and Order (N.D. Ill. July 27, 2011) (Exhibit H); (7) *G.M. Sign, Inc. v. Finish Thompson, Inc.*, No. 07 CV 5953, 2009 WL 2581324 (N.D. Ill. Aug. 20, 2009) (Exhibit I); (8) *Windmill Nursing Pavillion, LTD. v. Res-Care Illinois, Inc.*, 09 CH 16377, Memorandum Opinion and Order (Cook Cty. Cir. Ct. Mar. 18, 2011) (Exhibit J); (9) *Mixon Ins. Agency, Inc. v. Taylorville Chiropractic, et al*, No 09 L 0509, Class Certification Order (St. Clair Cty. Cir. Ct. Aug. 8, 2011) (Exhibit K); (10) *Florida First Financial Group, Inc. v. Magnum Painting, Inc.*, No. 10-00481, Class Certification Order (Fla. Cir. Oct. 14, 2010) (Exhibit L); (11) *BNS, Ltd. d/b/a Burien Grocery Outlet v. Redondo Family Chiropractic, Inc., P.S.*, No. 09-2-19352-5 SEA, Order (June 10, 2010) (Exhibit M); and (12) *UESCO Indus., Inc. v. Poolman of Wisconsin, Inc.*, 09 CH 16028 (Cir. Ct. Ill. Aug. 10, 2011) (Exhibit N).

## I.  Proposed class definition.

Plaintiff proposes the following class definition:

> All persons who were successfully sent a facsimile on February 20, 2006, February 21, 2006 or February 22, 2006 from "Lake City Industrial Products, Inc."; inquiring, "Sick And Tired of Thin, Low Quality Import Pipe Thread Sealing Tapes?"; stating "End the problems now with high quality, MADE IN U.S.A. 100% virgin ptfe pipe thread sealing tapes!"; and offering "Free! Private label on every roll for first time orders."

## II.  Rule 23(a) analysis.

To achieve class certification, Plaintiff must demonstrate that Rule 23(a)'s four prerequisites are satisfied:  (1) that the proposed class is so numerous that

8

joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims of the representative party are typical of the claims of the class; and (4) that the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

### A. Numerosity.

The numerosity requirement of Rule 23(a) (1) is satisfied where "the class is so numerous that joinder of all members [of the Class] is impracticable." Fed. R. Civ. P. 23(a) (1). Plaintiff need not prove the precise number of members in a class, but must ordinarily demonstrate some evidence or a reasonable estimate of the number of purported class members.

The Sixth Circuit Court of Appeals has held that a class of 35 employees was sufficient to meet the numerosity requirement. *Afro American Patrolmen's League v. Duck*, 503 F.2d 294 (6th Cir. 1974). Still, "the proper focus is not on numbers alone but on whether joinder of all members is practicable." *Daffin v. Ford Motor Co.,* 458 F.3d 549, 552 (6th Cir. 2006); *Golden v. City of Columbus,* 404 F.3d 950, 965 (6th Cir. 2005).

Defendants' advertisement is a form document that was sent 10,627 times to 10,627 persons. Exhibit A, at ¶¶ 14-15 and Exs. 3-6. Joinder of all class members is not feasible. Rule 23(a) (1)'s "numerosity" standard is satisfied.

### B. Commonality.

Rule 23(a) (2) requires a common question of law or fact. *Bittinger v. Tecumseh Products Co.,* 123 F.3d 877, 884 (6th Cir. 1997). Commonality does not

require that all class members share identical claims and facts. *Sterling, supra,* 855 F.2d at 1197. Rather, all that need be demonstrated is the existence of "a single issue common to all members of the class." *In re Am. Med. Sys., Inc.,* 75 F.3d 1069, 1079 (6th Cir. 1996). Here, however, the claims are identical.

Class members must have either a question of law or fact in common, not necessarily both. Fed. R. Civ. P. 23(a); *Balian v. Upjohn Co.*, 159 F.R.D. 473 (W.D. Mich. 1994). This test requires only some common questions; not a predominance of common questions as required under Rule 23(b) (3) (discussed *infra*). It is "qualitative rather than quantitative, that is, there need be only a single issue common to all members of the class." *In re Am. Sys.*, 75 F.3d at 1080 (internal quotes and citation omitted). In fact, even "one question common to the class" can satisfy the commonality requirement under Rule 23(a). *Sprague v. General Motors Corp.,* 133 F.3d 388, 397 (6th Cir. 1997).

The court in *Exclusively Cats* held that a virtually identical TCPA class satisfied the "commonality" requirement because the "case involve[d] common fact questions about Defendant's fax campaign and common legal questions under the TCPA." *Exclusively Cats, supra*, 2010 WL 5439737 at *3. Exhibit B.

Here, Defendants are alleged to have engaged in standardized conduct involving a common nucleus of operative facts by faxing a form advertisement to Plaintiff and the other class members. The case involves common fact questions about Defendants' fax campaign and common legal questions under the TCPA, such as:

10

a. Whether Defendants' fax is an "advertisement";

b. Whether Defendants violated the TCPA by faxing that advertisement without first obtaining express invitation or permission to do so;

c. Whether Plaintiff and the other class members are entitled to statutory damages;

d. Whether Defendants' acts were "willful" or "knowing" under the TCPA and, if so, whether the Court should treble the statutory damages; and

e. Whether the Court should additionally enjoin Defendants from future violations of the TCPA.

Therefore, the "commonality" requirement of Rule 23 is satisfied.

## C. Typicality.

A claim meets the typicality prerequisite of Rule 23(a) (3) if "it arises from the same event or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory." *In re Am Med. Sys., Inc.,* 75 F.3d at 1082 (*quoting* NEWBERG ON CLASS ACTIONS, section 3:13 at 3-76 (3d ed. 1992)). "Typicality determines whether a sufficient relationship exists between the injury to the named plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Sprague,* 133 F.3d at 399.

If the legal theory under which the plaintiffs would proceed is the same, typicality is satisfied even if some factual differences exist. *Daffin, supra,* 458 F.3d at 552-53. As the court ruled in *In re Telectronics Pacing Systems, Inc.:*

A plaintiff's claim is typical if it arises from the same event or practice

11

> or course of conduct that gives rise to the claims of other class
> members and his or her claims are based on the same legal theory. . . .
> The typicality requirement may be satisfied even if there are factual
> distinctions between the class members and those of other class
> members.

*In re Telectronics Pacing Systems, Inc.,* 164 F.R.D. 222, 228 (S.D. Ohio 1995); *see also* 1 NEWBERG ON CLASS ACTIONS, § 3-13, at 3-76. A necessary consequence of the typicality requirement is that the representative's interests will be aligned with those of the represented group, and in pursuing his own claims the named plaintiff will also advance the interests of the class members. 1 NEWBERG, supra, § 3.13, at 3-75. As the Sixth Circuit observed, "as goes the claim of the named plaintiff, so go the claims of the class." *Sprague,* 133 F.3d at 399.[2] The court in *Exclusively Cats* held that a virtually identical TCPA class satisfied the "typicality" requirement because the facts showed "that each class member received the same fax … and [e]ach member's claim is based on the same legal theory as Plaintiff's." *Exclusively Cats, supra*, 2010 WL 5439737 at *4.

The same is true here. Typicality is inherent in the class definition. Each of the class members was subjected to the same conduct, *i.e.*, Defendants' junk faxing campaign. Each class member received the same fax. Each member's claim is based on the same legal theory as Plaintiff's.

---

[2]    The typicality requirement tends to merge with the commonality requirement.  *General Tel. Co. v. Falcon,* 457 U.S. 147, 158 n. 13. (1982).

### D.   Adequacy of representation.

#### 1.   Rule 23(a) (4)'s adequacy requirement.

Rule 23(a)'s final requirement is that the class representative must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a) (4); *see also In re Am. Med. Sys.*, 75 F.3d at 1083. "To satisfy this requirement Plaintiffs must show that: (1) the representative's interest do not conflict with the class members' interest and (2) the representatives and their attorneys are able to prosecute the action vigorously." *In re Cardizem CD Antitrust Litig.*, 200 F.R.D. 326, 336 (E.D. Mich. 2001) (Edmunds, J.), *citing In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996). The Sixth Circuit has stated, "[t]he adequate representation requirement overlaps with the typicality requirement because in the absence of typical claims, the class representative has no incentives to pursue the claims of the other class members." *In re Am. Med. Sys.*, 75 F.3d at 1083.

Plaintiff understands its obligations and the nature of the claims, is involved in the litigation, and is interested in representing the class and enforcing the TCPA. Plaintiff and the other class members seek statutory damages under the TCPA. Given the identity of claims between Plaintiff and the class members, there is no potential for conflicting interests. There is no antagonism between Plaintiff's interests and those of the other class members, which is the key factor to determine whether a plaintiff is an adequate representative. Therefore, Rule 23(a) (4)'s "adequacy" requirement is satisfied.

## 2. Rule 23(g)'s adequacy of class counsel requirement.

Plaintiff's counsel are well qualified to represent the Class. In determining whether counsel are qualified, the Court should consider four factors: (1) the work counsel has done in identifying or investigating potential claims; (2) counsel's experience in handling class actions; (3) counsel's knowledge of the applicable law; and (4) the resources counsel will commit to representing the class. Fed. R. Civ. P. 23(g)(1) (A). Plaintiff's counsel are experienced lawyers who are qualified to act as counsel for the class. Resumes of Plaintiff's counsel are attached as <u>Exhibit O</u>. They have been appointed as lead or co-lead counsel in many contested class actions and have recovered substantial monies for their clients and the class members. They have been litigating TCPA claims since 2003 and have negotiated class-wide settlements in many such cases. Plaintiff's counsel will continue to commit adequate resources, both staffing and monetary, to ensure that the class is properly represented in this case.

## III. Rule 23(b) (3) analysis.

To proceed with a class under Rule 23(b) (3), the plaintiff must show that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### A. Predominance.

Rule 23(b) (3) requires that common questions of law or fact predominate

over individual questions. In this, Rule 23(b) (3)'s predominance resembles Rule 23(a) (2)'s commonality requirement. *Ball v. Union Carbide Corp.*, 385 F.3d 713, 728 (6th Cir. 2004). Nevertheless, Rule 23(b) (3) requires something more: "The commonality requirement is satisfied if there is a single factual or legal question common to the entire class. *Am. Med. Sys.*, 75 F.3d at 1080. The predominance requirement is met if this common question is at the heart of the litigation." *Powers v. Hamilton County Public Defender*, 501 F.3d 592, 619 (6th Cir. 2007).

As discussed above, common legal issues predominate because the class members' claims arise under a single, identical federal statute. The court in *Exclusively Cats* found predominance because the "class members' claims arise under a single, identical federal statute" and because "the class members' claims are focused on Defendant's fax broadcasting campaign . . ." *Exclusively Cats, supra*, 2010 WL 5439737 at *5. Here, similarly, common fact issues predominate because the class members' claims are focused on Defendants' fax advertising campaign, which included (1) preparing a form advertisement about its product; and (2) faxing that advertisement without obtaining prior express invitation or permission.

## B. Superiority.

Finally, Rule 23(b) (3) requires that a class action be the superior method for adjudicating the claims. Certifying a class is the superior way to adjudicate claims when a "class action would achieve economies of time, effort, and expense, and promote...uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Amchem Prods. v.*

*Windsor*, 521 U.S. 591, 615 (1997). In *Amchem*, the Supreme Court noted that one of the purposes underlying Rule 23(b) (3) was "vindication of the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Id.* at 617 (internal citations omitted).

In the *Exclusively Cats* case, *supra*, the court found that the "superiority" requirement was met for "TCPA violations, because the maximum recovery for each class member is only $500 and the TCPA does not allow for fee shifting." *Exclusively Cats, supra*, 2010 WL 5439737 at *6. Additionally, courts found that "resolution of the [TCPA] issues on a classwide basis, rather than in thousands of individual lawsuits would be an efficient use of both judicial and party resources." *Hinman v. M and M Rental Center, Inc.*, 545 F. Supp. 2d 802, 808 (N.D. Ill. 2008); *see also Sadowski* v. Med1 Online, LLC, No. 07-c-2973, 2008 WL 2224892 *5 (N.D. Ill. May 27, 2008) ("class treatment appears to be the superior method of handling Plaintiff's [TCPA] claims"); and *Green v. Service Master on Location Services Corp.*, No. 07 4705, 2009 WL 1810769 *3 (N.D. Ill. June 22, 2009) ("Resolution of the issues on a classwide basis, rather than thousands (or zero) individual lawsuits is an efficient use of judicial resources. The superiority element of Rule 23(b) is satisfied."). From the perspective of both the Court and the class members, a class action is superior to individual actions for TCPA violations, because the maximum recovery for each class member is only $500 and the TCPA does not allow for fee shifting.

## CONCLUSION

The proposed class meets the requirements of Rules 23(a), (b) (3) and (g).

Plaintiff requests that the Court (1) deny Defendants' Rule 68 Offer of Judgment;

(2) certify the class; (3) appoint Plaintiff as the class representative; and (4) appoint

Plaintiff's attorneys as class counsel.

<div style="margin-left: 40%;">

Respectfully submitted,

AMERICAN COPPER & BRASS, INC.,
individually and as the representative of a
class of similarly-situated persons

/s/ Jason J. Thompson (P47184)

</div>

Jason J. Thompson
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI  48075
Telephone:  248/355-0300
jthompson@sommerspc.com

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL  60008
Telephone:  847/368-1500

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Suite 1000
Chicago, IL  60602
Telephone:  312/658-5500

17

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 24, 2011, I electronically filed the foregoing Brief in Support of Motion for Class Certification  with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys who have appeared in this matter:

<u>For Plaintiff:</u>

Jason J. Thompson
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI  48075
Telephone:  248/355-0300
jthompson@sommerspc.com

Phillip A. Bock
BOCK & HATCH, LLC
134 N. La Salle St., Ste. 1000
Chicago, IL 60602
Telephone: 312-658-5501
phil@bockhatchllc.com

<u>For Defendants:</u>

Stephen J. Schlegel
Eryk A. Folmer
STEPHEN J. SCHLEGEL, LTD.
111 W. Washington St., Ste. 1020
Chicago, IL 60602
312-346-8385

s/  Jason J. Thompson
SOMMERS SCHWARTZ, P.C.
2000 Town Center, Suite 900
Southfield, MI  48075
Telephone:  248/355-0300
jthompson@sommerspc.com

18