UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AMERICAN COPPER & BRASS, INC., a
Michigan corporation, individually and as
the representative of a class of similarly
situated persons,

       Plaintiff,                                      Case No.  1:09-CV-1162

v.                                                  HON. GORDON J. QUIST

LAKE CITY INDUSTRIAL PRODUCTS,
INC., and JEFFREY MEEDER,

       Defendants/Third-Party Plaintiffs,

v.

CAROLINE ABRAHAM, et al.,

       Third-Party Defendants.
_____/

### ORDER REGARDING PLAINTIFF'S MOTION TO AWARD ATTORNEYS' FEES, AND RELATED NON-TAXABLE EXPENSES PURSUANT TO FED. R. CIV. P. 54 (d)(2)

On July 12, 2013, the Court entered a Memorandum Opinion and accompanying Order (dkt. ## 210, 211) granting Plaintiff's motion for summary judgment.  The same day, the Clerk entered a Judgment in favor of Plaintiff in the amount of $5,254,500.  (Dkt. # 212.)  The Court did not set a time for Plaintiff to file a motion for an award of reasonable attorney's fees and nontaxable costs, as required by Federal Rule of Civil Procedure 23(h)(1).  However, on July 26, 2013, Plaintiff filed a motion to award attorney's fees and related nontaxable expenses, within the time permitted by Fed. R. Civ. P. 54(d)(2).  Accordingly, the Court will consider the date of filing as the date for the attorney's fee motion under Rule 23(h)(1).  In addition, the Court will defer a decision on attorney's fees until after the claims bar date, when all potential claims have been submitted.  *See* Fed. R. Civ.

P. 23(h) advisory committee's note ("In many instances, the court may need to proceed with care in assessing the value conferred on class members.").

In response to the Court's August 29, 2013 Order (dkt. # 229), Plaintiff has submitted a copy of its retainer agreement with its counsel, dated November 11, 2009, approximately one and one-half months before Plaintiff filed this lawsuit. As Defendants note, however, a discrepancy exists between the retainer agreement and the testimony of William Smith, Plaintiff's President, who testified at his deposition on September 28, 2011—almost two years after the date on the retainer agreement—that Plaintiff did not have a written agreement with its counsel. (Dkt. # 200-2 at 18.) Defendants contend that Plaintiff and/or its counsel should be required to explain this discrepancy. The Court agrees, because as the record stands now, it appears that the retainer agreement was executed after Smith's deposition and backdated to a date before the lawsuit was filed.

Finally, Plaintiff's counsel has failed to provide records detailing the hours spent on the case and services performed, and setting forth counsel's hourly rates. Such records will be necessary to a proper resolution of any attorney's fee award. Thus, the Court will require Plaintiff to submit such records.

Therefore,

**IT IS HEREBY ORDERED** that within **twenty-eight (28) days** of the date of this Order, Plaintiff's counsel shall file a sworn affidavit or a declaration pursuant to 28 U.S.C. § 1746(2) explaining the discrepancy between William Smith's testimony and the retainer agreement. Within the same time, Plaintiff shall file a statement setting forth the services performed, the time spent on each task, and counsels' hourly rates. Defendants shall have **fourteen (14) days** after service to file a response to Plaintiff's counsel's affidavit or declaration.

Dated: November 4, 2013                     /s/ Gordon J. Quist
                                           GORDON J. QUIST
                                           UNITED STATES DISTRICT JUDGE